ALBANY,
June, 1838.

Clark
v.
Parker.

---

### Clark *vs*. Parker and Lawrence.

Where a maker and endorser of a note are sued in one action, an affidavit of merits by the maker will not prevent an inquest against the endorser, unless it appear that the defence of both is identical.

The plaintiff may take an inquest against one of the parties in such case, without making up and filing a new circuit roll; the severance may be suggested on the judgment roll.

ACTION against the *maker* and *endorser* of a promissory note. At the circuit the *maker* filed an affidavit of merits, but there being no affidavit by the endorser, the plaintiff proceeded and took an inquest against him.

June, 1838.

*J. Holmes*, for the defendants, moved to set aside the inquest, and insisted among other things that the plaintiff could not sever the action and proceed against one of the parties without making up and filing a new circuit roll—the roll filed having been made up against both defendants. Statutes, session of 1835, p. 248, § 2.

*A. J. Colvin*, contra.

*By the Court*, BRONSON, J. Where, as in this case, different parties to a bill or note are sued in one action, an affidavit made by one of the parties that the defendants have a good defence on the merits, is not sufficient for the other

party. This has been repeatedly adjudged, though there is no reported case on the point. The *maker* may have a good defence while the right of action against the *endorser* is unquestionable. Had the affidavit stated that the defence of the maker and endorser was the same it would perhaps have been sufficient. *Ontario Bank* v. *Baxter*, 6 Cowen, 395.

In actions under this statute it has also been held, that where one of several parties to the note or bill files an affidavit of merits at the circuit, the plaintiff may sever the action and proceed against the other party. Statutes of 1835, p. 248, § 2. The language of the statute is that there may be a severance where the trial or hearing is put off by any of the parties to the bill or note. When the cause is noticed as an inquest, filing an affidavit of merits has the effect of putting off the trial or hearing, and we think the statute should be liberally construed in favor of the right of the plaintiff to sever the action whenever he meets with an obstacle to his progress, which is not common to all the parties sued on the instrument.

It appeared by the circuit roll filed that the action was against the maker and endorser of a note, and I think it was not necessary for the plaintiff to make up a new and separate circuit roll against the endorser before proceeding to take an inquest against him. Proper suggestions on the judgment record will show that all was regular.

Motion denied.