Withers, J,,
dissenting. It is to be regretted that the appeal is decided upon a question of evidence, for the.matter of interest to both parties lies behind it. I regret this the more, because I doubt the correctness of the judgment pronounced upon the only point considered. I am aware that Mr. Greenleaf, in his Treatise on Evidence, (and he is by no means alone, nor wanting in the authority of cases, English and *350 American,) instructs us, that where a party is sued for damages arising from the tortious act of his servant, the latter is éxcluded as a witness for the Master, to disprove the negligence, upon the principle, that the record against the Master may be used by him to show a recovery and the amount of it, in his action against the servant. Now this doctrine presupposes, that the servant is ascertained to owe a response in damages to the Master; else the rule, universally admitted, that the interest to disqualify must be certain in the event of the suit, or certain in the record to be used as evidence, would be violated. Now, how does it appear that Lucas (the witness held incompetent,) would be liable at all to the City Council ? Non constat, that he did not perform the work exactly as they directed, though that might be negligence as against the plaintiffs. It is well to bear in mind, that the position of the Gas Light Company is, that the Council invaded their rights in directing the fire-wells to be dug at all under their pipes, no matter whether negligently done or not; that they had a chartered right to have their pipes where they were, and any interference with them whatever, whereby damage ensued, was cause of action. The plaintiffs impute negligence and legal wrong to the defendants, in the very act which the latter unquestionably directed, to wit., in directing the fire-wells to be constructed on the positions selected for them. Even in those Courts that recognize the rule which leads to this decision, it is held that it must clearly appear, that the principal, if condemned, will have redress against the agent; that some act of negligence by the agent must be proved, before he will be deemed incompetent to testify: vide Noble vs. Paddock, 19 Wend. 126. Then we have the class of eases wherein a sheriff’s deputy is admitted as a witness for him when sued for something done or not done by the deputy touching the service of process or an escape.
The ground here must be, that Lucas is interested to procure a verdict for the Council, to the end that this record shall *351 not be adduced against bina in an action by his principal. But let it be remembered, that in such case, he, Lucas, stands liable to be sued for the same tort by the Gas Company. If any, all are trespassers. Now, suppose each of several trespassers be separately sued, is it doubted that one may be a witness for the other ? If Lucas helps the Council to escape, is not his own danger rather increased, his liability to respond to the plaintiffs (according to the assumption made in the case,) for his negligence being clear ? While it is not clear that he will be liable to the Council, since ■ they may have ■ authorized all he did.
I am aware the rule relied on can be found in the English cases, and their own Judges have so much disapproved the subtleness of distinctions which gave rise to rules of exclusion, that they struggled to evade them, and at last have been relieved by an act of parliament, which places the objection for interest, to the credit. In many of the States, and I think in our own, various English rules have not been followed.-
Eor example, we have this case : A. sold a horse to B., and B. sold him to O-; in an action by the latter against B. for unsoundness, A. was held competent for B. to prove the contrary; Duncan and Wife vs. Bell and others, 2 N. & McC. 153; S. P. Lightner ads. Martin, 2 McC. 214. Yet upon this identical case the authority of Greenleaf is directly the reverse; vide 1 Greenl. Evid., Sec. 397. It is to be presumed we should follow the lead of our own cases, notwithstanding.
Burrows ads. Reeves, 1 N. & McC. 427: The Master of a vessel sued by the owner for the loss of a boat; a seaman objected to as incompetent for the Master. Johnson, J., said, “ if the seaman be held liable at all to the defendant, he stands in the same relation to the plaintiff;” and he was^ admitted. Mutatis mutandis, this test applies to Lucas. If the City Council escaped by the help of his testimony, the plaintiffs might, notwithstanding, pursue him. In tort, all participating are liable. Yet Judge Johnson would have found Green vs. *352 New River Co., in the teeth of his proposition: vide 4 T. R. 589; and this ease is much quoted by the text writers and commentators upon evidence.
Johnson vs. Heath, 2 Bailey, 183. Though a notary had omitted to give proper notice to an endorser, and of course became liable to the bank, yet he was received against objection, as a witness for it, to prove a subsequent acknowledgment by the endorser, of notice in fact on the day. So we cannot say that one is incompetent to help the plaintiff to a verdict, where, so far as I can see, the very same objections existed as are urged here.
Executors of Gaston vs. Ballard, 1 Hill, 406 : If a witness’s testimony serves to secure a more certain fund to pay his debt, he is not, therefore, incompetent.
In consideration of the utter conflict and confusion of views of various Courts upon this matter of competent evidence, (for an example can be found for almost any view,) I think we had better follow the lead of our own cases, which have been much tinged with that spirit of liberality, the growth of more modern jurisprudence, which is prone to refer objections to the credit rather than to the competency.
Now, without searching farther, it would seem, that our own cases cited commended Lucas to the Circuit Court as compe-, tent. As to the money retained by the Council, that does not alter the case; Lucas did not assent to it; it did not make his responsibility more certain or greater than it legally might have been.
I think, consequently, there was wanting in this case, that certain, direct and immediate interest in the event, and in the record, which should be required; that the liability of the witness to the one party or the other, was equal, to say the least, and that he was rather more likely to suffer from the success than from the defeat of the party calling him. I yet think, that upon reason, and the authority of our own course of decision, the witness was competent.
*353 It will, however, be a very convenient rule for a presiding Judge, which instructs him to exclude an agent, through whom a party has acted, whenever that party is accused of negligence by a plaintiff’s declaration.
Whitner, J., concurred.

Motion granted.